LEO WHITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 27275-83.
United States Tax Court
T.C. Memo 1985-377; 1985 Tax Ct. Memo LEXIS 252; 50 T.C.M. (CCH) 543; T.C.M. (RIA) 85377; July 29, 1985. Christy M. Pendley, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax: Additions to Tax
Year
Deficiency
Secs. 6651(a)
6653(a)
6654 [1]
1978
$26,022
$6,506
$1,301
$830
1979
34,007
8,502
1,700
1,414
1980
44,072
11,018
2,204
2,808
1981
51,759
12,940 *
3,967
The sole issue remaining for decision is whether the Court should award damages in favor of the United States in the amount of $5,000 pursuant to section 6673. *253 Some of the facts have been deemed stipulated pursuant to Rule 91(f). Those facts are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Delhi, Iowa, when he filed his petition in this case. He failed to file Federal income tax returns for any of the years in issue. Respondent issued to petitioner a statutory notice of deficiency determining the deficiencies and additions to tax noted above. On September 21, 1983, petitioner filed his petition in this case. The petition set forth the following points of disagreement: (1) "'Income' in general and in specific"; (2) "Being an 'employee' as defined in U.S.C. 26 3401(c), 7701(20)"; (3) "Having 'wages' as defined in U.S.C. 26 3401(a)"; (4) "Being a taxpayer"; (5) "Having a tax liability"; (6) "Having an 'employer' as defined by U.S.C. 26." On November 17, 1983, petitioner filed an amended petition. The following additional arguments were included in the amended petition: (1) that petitioner was not a person liable for tax; (2) that he was not a person required to report income; (3) that he was not a person required to provide any books and records for the years *254 in dispute; (4) that he was not required to file returns; (5) that his labor was not property, was not property acquired from another person, was not acquired as a continuing gift from a donor, and was not received at the same moment in time that the labor was created by its donor; and (6) that petitioner did not own his own labor. In addition, the amended petition alleged that respondent failed to include cost of goods sold in his computation of petitioner's farming income, that he did not allow the proper number of dependents, and that he did not allow enough for farming expenses. The amended petition alleged no facts in support of the last three arguments. On September 4, 1984, respondent moved for the Court to issue an order to show cause why facts contained in respondent's proposed stipulation of facts should not be accepted as established for purposes of this case. The Court entered the order on September 10, 1984, and set October 3, 1984 as the date on which petitioner was to file a response in accordance with Rule 91(f)(2). Petitioner did not file a response, and did not appear at the hearing on that date. Accordingly, the Court ordered that the proposed facts were deemed *255 stipulated pursuant to Rule 91(f). The case was scheduled for trial on October 15, 1984. When petitioner again did not appear, the Court granted respondent's motion to dismiss the case for failure to properly prosecute. At that hearing, respondent asked that the Court impose damages in the amount of $5,000 pursuant to section 6673. We took the motion under advisement, and today order that damages in the amount of $5,000 be awarded to the United States. Section 6673 provides that: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decition. * * * [Sec. 6673]. Damages in the amount of $5,000 may be awarded in any proceeding in this Court that was commenced after December 31, 1982, or that was pending in this Court 120 days after July 18, 1984. The petition in this case was filed on September 21, 1983. The bulk of the petition consists of clearly frivolous arguments, and the last three arguments in the *256 amended petition have been supported with no facts. Petitioner's failure to respond to our order to show cause and his failure to appear at trial suggest, when considered in light of the frivolous arguments he has made, that this case was instituted solely as a means of delaying assessment. This is exactly the conduct for which section 6673 was designed to deal with. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. Any reference to Rules is to the Tax Court Rules of Practice and Procedure. * Respondent stated the following with respect to the addition to tax for negligence in 1981: It has been determined that the negligence penalty (IRC 6653(a)↩) is applicable to the underpayment of tax for the taxable year 1981. The amount of the underpayment of tax caused by negligence is $51,759. The addition to tax imposed under this provision is considered to be an amount stated even though the addition is dependent upon the interest due on the underpayment. The regular segment of the penalty is $2,588. The additional segment of the penalty is 50% of the interest due on the above stated underpayment caused by negligence.